UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 20-cv-80262-CANNON/MATTHEWMAN

VENTRON MANAGEMENT, LLC,

    Plaintiff,

vs.

TOKIO MARINE SPECIALTY
INSURANCE COMPANY; AMERICAN
GUARANTEE & LIABILITY INSURANCE
COMPANY,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TOKIO MARINE'S MOTION FOR PROTECTIVE ORDER [DE 36] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [DE 38]

**THIS CAUSE** is before the Court upon Defendant, Tokio Marine Specialty Insurance Company's ("Tokio Marine") Motion for Protective Order [DE 36] and Plaintiff, Ventron Management, LLC's ("Plaintiff" or "Ventron") Motion to Compel Tokio Marine and Zurich to Produce Documents Responsive to Its First Requests for Production [DE 38]. The motions were referred to the undersigned by the Honorable Rodney Smith, United States District Judge. *See* DE 19. The case was then reassigned to the Honorable Aileen M. Cannon, United States District Judge. [DE 40]. The motions are fully briefed. [DEs 42, 43, 44, 45, 46, 47, and 48]. The Court held a hearing on the motions via Zoom video teleconference on December 9, 2020, and reserved ruling at the conclusion of the hearing. The matters are now ripe for review.

## I. Background

In Plaintiff's Amended Complaint [DE 26], it seeks declaratory relief and damages against Tokio Marine and American Guarantee & Liability Insurance Company ("AGLIC")[1]. Plaintiff claims that the Defendants refused to unconditionally indemnify and defend it in two underlying lawsuits. In the underlying lawsuits (the AG/Las Palmas and Silvery cases), which are still active in Georgia, it is alleged that Plaintiff failed to properly manage and secure the subject properties, which led to bodily injury (through an alleged sexual assault and an alleged aggravated assault by stabbing). According to Defendant Tokio Marine, there is no coverage under its policy because the two lawsuits fall within the $1 million assault and battery sublimit of the Tokio Marine Policy, and such sublimit has already been exhausted by Tokio Marine's payment of defense costs, settlements, and other payments for loss resulting from assault and battery. Defendant AGLIC contends that there is no coverage under the Zurich excess insurance policy since it follows form with the Tokio Marine policy, and Tokio Marine has found that there is no coverage under its insurance policy.

## II. Defendant Tokio Marine's Motion for Protective Order

### A. Tokio Marine's Motion [DE 36]

Plaintiff served Tokio Marine with Plaintiff's Notice of Taking Videotaped Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), which unilaterally scheduled the videotaped deposition of Tokio Marine's corporate representative for 2:00 pm on November 24, 2020, which was, at that time, the discovery cut-off date. Tokio Marine initially objected to the Notice on the procedural ground that Plaintiff failed to comply with the reasonable notice requirements of Local Rule

---

[1] AGLIC is a subsidiary of the Zurich American Insurance Company ("Zurich"). The parties refer to Zurich throughout their papers even though Zurich is not a party in this case.

26.1(h). However, the parties have since agreed that, if permitted by this Court, Plaintiff can conduct Tokio Marine's corporate representative deposition at a later date.[2]

Tokio Marine still contends, however, that none of the areas of inquiry listed in the Notice seeks information that is relevant to the claims and defenses in this case. According to Tokio Marine, the dispute between Ventron and Tokio Marine is purely a matter of contract interpretation, and claims file and underwriting documents are not discoverable in this kind of coverage action. Tokio Marine also emphasizes that, per Florida law, when a court interprets an insurance contract, extrinsic evidence, the underwriting file, the parties' intent, and the reasonable expectation of the parties are irrelevant.

B.  Plaintiff's Response [DE 43]

In response, Plaintiff argues that the Tokio Marine and Zurich policies are ambiguous. It wishes to depose Tokio Marine's corporate representative as to Tokio Marine's and Zurich's understanding of the risks insured and their interpretation of Tokio Marine's "assault and battery sublimit only" and "designated location aggregate limit" endorsements. Plaintiff argues that the representative's testimony could serve as party admissions in this case or, at minimum, establish that more than one interpretation of those provisions exists. Plaintiff also seeks to depose Tokio Marine's corporate representative concerning Tokio Marine's communications with Zurich and Plaintiff's insurer-appointed defense counsel in furtherance of Plaintiff's claim that Zurich has waived or is estopped from denying Plaintiff a defense and indemnity due to its acts, omissions and representations in connection with the underlying claims. Plaintiff believes this case involves more than a run-of-the-mill contract interpretation dispute.

---

[2] The parties had originally agreed to conduct the deposition on December 14, 2020. However, Judge Cannon recently extended the discovery deadline in this case to February 16, 2021. [DE 50]. Therefore, the parties are expected to confer and complete the deposition as ordered by the Court herein prior to February 16, 2021.

C.  Tokio Marine's Reply [DE 46]

In its reply, Tokio Marine objects to the deposition on relevancy, attorney-client privilege, and work-product doctrine grounds and because information from an insurer's claim file is not discoverable in an insurance coverage dispute.

D.  Analysis

Federal Rule of Civil Procedure 26(c) provides that a court "for good cause shown ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26. "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule." *Farnsworth v. Center for Disease Control*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted). In evaluating whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth*, 758 F.2d at 1547). "Generally, a party moving for a protective order must make a specific demonstration of facts in support of the request, as well as of the harm that will result without a protective order." *Fargeon v. Am. Nat'l Prop. & Cas. Co.*, No. 08-60037-CIV, 2008 WL 11332027, at *4 (S.D. Fla. July 8, 2008) (citing *Dunford v. Rolly Marine Service, Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005)).

Both parties have cited a plethora of case law from this Circuit to support their opposing positions regarding the propriety of the corporate representative's deposition. Tokio Marine primarily relies on the following cases: *Medmarc Casualty Ins. Co. v. Ventura*, 2008 WL 4371311

4

(S.D. Fla. Sept. 18, 2008); *Diamond State Ins. Co. v His House, Inc*., No.: 10-20039-CIV-UNGARO/SIMONTON, 2011 WL 146837 (S.D. Fla. Jan. 18, 2011); *Safeco Ins. Co. of Am. v. Weissman*, 17-62032-CIV, 2018 WL 7046634 (S.D. Fla. Sept. 5, 2018); *Auto-Owners Ins. Co. v. Donpat Gate Parkway, LLC*, No.: 3:17-CV-141-J-34JBT, 2018 WL 3202081 (M.D. Fla. May 22, 2018); *Am. Home Assurance Co. v. Arrow Terminals, Inc*., No.: 811CV01278T30AEP, 2013 WL 12157428 (M.D. Fla. Jan. 17, 2013); and *Evanston Ins. Co. v. Heeder*, 490 Fed. Appx. 215 (11th Cir. 2012).

Plaintiff primarily relies on *Del Monte Fresh Produce, B.V. v. ACE Am. Ins. Co*., No. 00-4792-CIV, 2002 WL 34702176 (S.D. Fla. Sept. 4, 2002); *Ironshore Indem. Co. v. Banyon 1030-32, LLC, et al*., Case No. 12-CV-61678-Cooke/Turnoff (S.D. Fla. Mar. 28, 2014); *National Cas. Co. v. United States Adult Soccer Ass'n, Inc., et al*., No. 15-24052-CIV-Martinez/Goodman (S.D. Fla. July 11, 2016); and *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 253 F.R.D. 697 (S.D. Fla. 2008).

The Court has closely reviewed each of the above cases and has considered each party's argument that the opposing party's cases are distinguishable. The Court agrees with Tokio Marine that, given the facts of this case, the corporate representative's deposition testimony regarding interpretation of the insurance policy is irrelevant and disproportionate. *See Diamond State Ins. Co.*, 2011 WL 146837, at *4 (explaining that, if the court determines that the insurance policy's language is unambiguous, then the court "will resolve the dispute about coverage based upon the plain language of those policies without resort to extrinsic evidence" and if the court determines the policy language is ambiguous, the defendants automatically prevail in the declaratory action.). However, the Court's analysis does not end here.

In *Medmarc Cas. Ins. Co.*, 2008 WL 4371311, at *3, a case cited by Tokio Marine, in determining whether the deposition of an insurer's corporate representative should be permitted, the court first noted that "under Florida law, an unambiguous insurance contract must be construed

according to its plain terms, without resorting to extrinsic evidence."[3] The court then found to be irrelevant any deposition topics relating to the insurer's interpretation of the disputed policy language in the past; or its basis for believing that its construction of the disputed provisions is correct. *Id.* The court did permit the defendants, however, to inquire into "the underlying facts and events that gave rise to the malpractice and breach of fiduciary duty claims against the insured attorney and are central to the instant declaratory action." *Id.* at 4. Finally, the court determined that a deposition limited to the insurer's knowledge "concerning the facts and events surrounding the insured attorney's representation of the joint venture" would not "necessarily require the corporate representative to divulge privileged information" and that the Federal and Local Rules permit the insurer to lodge contemporaneous objections during the deposition on a question-by-question basis. *Id.* The Court agrees with Judge Simonton's analysis in *Medmarc*.

"The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. Oct. 17, 1990) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "To that end, Courts have routinely noted permissible areas of discovery in depositions of corporate representatives in coverage disputes." *Addison Constr. Corp. v. Nationwide Mut. Fire Ins. Co.*, No. 9:13-CV-80971, 2020 WL 2513102, at *1 (S.D. Fla. May 15, 2020).

After carefully balancing the interests of Tokio Marine and Plaintiff and after making a good cause assessment, the Court finds that certain limited testimony may be elicited at the corporate representative's deposition. *See Mesa Underwriters Specialty Ins. Co. v. Coves Mountain River Cmty. Ass'n Inc.*, No. 318CV01468J20MCR, 2020 WL 1674306, at *5 (M.D. Fla. Jan. 8, 2020) (rejecting the plaintiff's request to preclude outright the defendants from taking

---

[3] It is of no real significance that this case was decided prior to *Washington National Ins. Co. v. Ruderman*, 117 So. 3d 943, 948 (Fla. 2013), since the court in *Medmarc* acknowledged that courts are to interpret insurance contracts without the assistance of extrinsic evidence.

the deposition of the plaintiff's corporate representative and limiting the scope of the deposition). Here, Plaintiff may take a 30(b)(6) deposition of Tokio Marine's corporate representative and inquire into (1) the factual basis for Tokio Marine's coverage position; (2) the specific policy provisions which are applicable to this dispute, as well as the facts which make those policy provisions applicable; and (3) the facts supporting Tokio Marine's affirmative defenses.

This case involves a declaratory judgment action; it is not a bad faith action. As such, Plaintiff is not permitted the broad, far-ranging discovery which would be typical in a bad faith action. However, Tokio Marine is a party to this lawsuit. It is obligated to produce facts in support of its coverage position and defenses. Tokio Marine's corporate representative shall be fully prepared to answer deposition questions with facts to support Tokio Marine's affirmative defenses and the other areas of relevant inquiry in this lawsuit as specified above. *See* Fed. R. Civ. P. 26(b)(1) and 30(b)(6). However, as stated above, deposition questions regarding interpretation of the insurance policy, underwriting of the insurance policy, documents and communications regarding the claims and policies, and Tokio Marine's candid interpretations of disputed policy language are all irrelevant and shall not be permitted. And, any questions which seek to invade a valid attorney-client privilege or work product protection can be objected to at the deposition when the question is asked.

In sum, the Court rejects Tokio Marine's position that no deposition should be permitted on any matter. The Court also rejects Plaintiff's position that a deposition should be permitted on the broad, far-ranging, and irrelevant matters it wishes to inquire into. Rather, the Court shall permit a limited 30(b)(6) deposition of Tokio Marine's corporate representative as specified above. Further, privilege objections, if any, can be lodged at the deposition.

### III.     Plaintiff's Motion to Compel

Plaintiff propounded separate requests for production on each carrier (Defendant Tokio and Defendant AGLIC) on September 4, 2020, seeking the following documents and communications: (1) claim file materials and communications, including claim notes; (2) to the extent not found in the claim files, internal communications from each carrier regarding each carriers' policy or the claims at issue; (3) documents resident in each carriers' underwriting file; and (4) documents interpreting the policy provisions, exclusions, and endorsements at issue in this case. AGLIC has agreed to produce its entire claims file, including all internal and external communications, concerning the underlying Chambers, AG, and Silvery matters, but has declined to produce its underwriting file pertaining to the Zurich policy at issue on the basis of relevance pending the Court's ruling with respect to Tokio Marine's underwriting file. *See* DE 48.

Tokio Marine has produced a small number of documents, including its denial letters and a ledger reflecting amounts paid under the subject policy, but has declined to produce its underwriting file and claims file, including internal and external communications concerning the at issue policy provisions and the defense of and coverage for the underlying claims on the basis of relevance and work product protection. Plaintiff has narrowed its requests to exclude communications between Tokio Marine and its Georgia-based coverage counsel and/or Tokio Marine's reinsurers concerning the subject claims. *See* DE 48.

### A.  Plaintiff's Motion [DE 38]

According to Plaintiff, the law of this District is clear that materials generated in connection with an insurance claim by an insurance company are not entitled to wholesale protection on the basis of relevance or on the basis of work-product immunity. Rather, a (rebuttable) presumption exists that documents created before a final claim decision is made are not protected work-product. Plaintiff argues that neither Zurich (in reality, Defendant AGLIC) nor Tokio Marine has presented

8

evidence to rebut this presumption, and neither has created a privilege log. Next, Plaintiff argues that, where an insurance policy must be interpreted because certain provisions are alleged to be ambiguous, discovery is appropriate to ascertain an insurer's candid interpretations of disputed policy language. Furthermore, Plaintiff contends that courts in this District have recognized that an insurers' underwriting file and interpretive materials may contain such evidence.

### B. Tokio Marine's Response [DE 44]

In Tokio Marine's response [DE 44], it argues that, since this is purely a matter of contract interpretation for the Court to evaluate without resorting to extrinsic evidence or the intent of the parties, none of the information sought by Plaintiff is discoverable under Rule 26(b)(1). Tokio Marine further contends that Plaintiff's requests are objectionable based on the attorney-client privilege and the work-product doctrine.

### C. Plaintiff's Reply [DE 47]

In reply, Plaintiff again argues that this case involves more than a run-of-the-mill contract interpretation dispute, and more than a dispute between Plaintiff and Tokio Marine. According to Plaintiff, many of the documents described in Tokio Marine's privilege log strike at the very heart of its waiver and estoppel claims and Defendants' position that their publicly-stated interpretation of the relevant provisions is the only reasonable one. Plaintiff argues that Tokio Marine's "work product" objections are improper and that Tokio Marine has waived its privilege objections for failure to timely provide a compliant privilege log.

### D. Analysis

The legal analysis on this issue is similar to the legal analysis regarding the Motion for Protective Order. The only documents requested by Plaintiff that AGLIC has not agreed to produce are its underwriting documents. Tokio Marine has also objected to Plaintiff's request for underwriting documents. Pursuant to the law in this District, underwriting documents are neither

relevant nor proportionate in a case limited to the issue of insurance policy interpretation (and not involving bad faith). *See, e.g.*, *Addison Constr. Corp. v. Nationwide Mut. Fire Ins. Co.*, No. 9:13-CV-80971, 2020 WL 5517502, at *2 (S.D. Fla. Sept. 14, 2020); *902 Evergreen, LLC v. Scottsdale Ins. Co.*, No. 9:18-CV-81153, 2019 WL 7905061, at *1 (S.D. Fla. Feb. 4, 2019); *Safeco Ins. Co. of Am.*, 2018 WL 7046634, at *7; *Ranger Constr. Indus., Inc. v. Allied World Nat'l Assurance Co.*, No. 17-81226-CIV, 2018 WL 2999691, at *1 (S.D. Fla. June 15, 2018);  *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 702 (S.D. Fla. 2007). Thus, the motion is due to be completely denied as to AGLIC and is due to be denied as to Tokio Marine to the extent Plaintiff seeks underwriting documents. Pursuant to Rule 26(b)(1), the documents sought are neither relevant nor proportional to this litigation.

Plaintiff is additionally seeking from Tokio Marine documents including the claims file, internal claim notes, status updates, communications with Zurich/AGLIC, internal communications regarding coverage positions, underwriting discussions, and documents regarding the assault and battery sublimit in the insurance policy. While Tokio Marine is not permitted to simply assert a blanket objection that no claims files materials may be produced at this juncture in the case because there is no bad faith claim pending, *see Ranger Constr. Indus., Inc. v. Allied World Nat'l Assurance Co.*, No. 17-81226-CIV, 2018 WL 1701913, at *3 (S.D. Fla. Apr. 6, 2018), the Court does find that the claims file(s), internal claim notes, status updates, communications with Zurich/AGLIC, internal communications regarding coverage positions, underwriting discussions, and all documents regarding the assault and battery sublimit in the insurance policy are irrelevant and disproportionate to the extent they solely relate to Defendants' candid interpretations of disputed policy language. Such documents simply are not relevant to the Court's interpretation of the insurance policy provisions at issue pursuant to either Florida law or the law in this District.

Moreover, there is no breach of contract or bad faith claim pending. These documents are neither relevant nor proportional to this litigation.

However, some of the documents sought by Plaintiff are relevant and proportional under Rule 26(b)(1). Therefore, consistent with the Court's ruling on the 30(b)(6) deposition of Tokio Marine, the Court will require Tokio Marine to produce nonprivileged, responsive documents regarding (1) the factual basis for Tokio Marine's coverage position; (2) the specific policy provisions which are applicable to this dispute, as well as the facts which make those policy provisions applicable; and (3) the facts supporting Tokio Marine's affirmative defenses.

### IV.   Conclusion

Based on the foregoing, Tokio Marine's Motion for Protective Order [DE 36] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is permitted to conduct a limited deposition of Tokio Marine's corporate representative consistent with the Court's findings in this Order. Plaintiff's Motion to Compel Tokio Marine and Zurich to Produce Documents Responsive to Its First Requests for Production [DE 38] is **GRANTED IN PART AND DENIED IN PART** consistent with the Court's findings in this Order. The parties shall agree on a production date that is at least seven (7) calendar days prior to the corporate representative deposition.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of December, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge